*Huston, for appellant.*

---

JAS. T. DONALDSON, ETC., *v.* SAMUEL A. BARCLAY, ETC.

**Trust—Trustee Cannot Purchase for Himself Trust Property at Decretal Sale.**

A trustee occupies such a position as to preclude him from purchasing for his own benefit, trust property from the commissioner under a sale made pursuant to a judgment rendered before he became trustee.

**Trust—Power of Trustee to Sell Trust Property—Grantor in Deed of Trust Must Join in Conveyance by Trustee.**

In order to make valid the conveyance of the trustee it is necessary that the grantor in the trust deed shall join in its execution in

all cases in which he retains any interest in the trust property or is directly interested in the execution of the trust.

### APPEAL FROM WARREN CIRCUIT COURT.

September 5, 1872.

OPINION BY JUDGE LINDSAY:

J. T. Donaldson and J. M. Herdman accepted the trust reposed in them by C. B. Donaldson and undertook to pay off and satisfy the sums necessary to redeem the property described in the trust deed from the execution purchasers and to make such arrangements as could be made with the various mortgagees to bring about a suspension of the judgment sale of the property, and in the meantime to make sale of it themselves and apply the proceeds to the payment of the debts of the grantor named in the trust deed.

There is nothing in the record showing that the trustees made any effort whatever to induce the judgment creditors to suspend the execution of the decree in their favor, and four months after their acceptance of the trust, J. T. Donaldson became the purchaser, at commissioner's sale, of a portion of the trust property. There is some evidence tending to show that he bought it in the capacity of trustee and to enable himself and his co-trustee, Herdman, to execute the trust, but whether this was or was not his object, he occupied a position which precluded him from purchasing for his own benefit. It does not matter that he purchased from the court's commissioner, and at a sale made pursuant to a judgment rendered before he became trustee.

It was his duty to make such arrangements with the plaintiffs in the judgment as would have prevented the sale from being made, and as he failed to make even a reasonable effort to perform this duty, he cannot protect himself in his purchase by relying upon the fact that the sale was made and confirmed by a court of chancery.

Nor do we agree with the learned counsel that Barclay is precluded from prosecuting his cross-action against Donaldson because of the fact that he was a party to the original suit in which the judgment for the sale was rendered and failed to object to the confirmation of Donaldson's purchase.

He does not seek now to disturb that purchase but merely to have the chancellor determine the character of estate Donaldson acquired under it, and to compel him to execute a trust which his purchase neither terminated nor impaired.

We perceive no error in the judgment of the special chancellor so far as it relates to this branch of the litigation.

In the late case of *Prather, etc., v. McDowell and Wife,* to be reported in 8th Bush (page 46), the power of trustees to sell trust property was considered and all the cases in which the construction of the act of 1820 was involved were carefully reviewed. It was the conclusion of the court that in order to make valid the conveyance of the trustee it is necessary that the grantor in the trust deed shall join in its execution in all cases in which he retains any interest in the trust property, or is directly interested in the execution of the trust. The same rule of construction is applicable to the 24th section of Chapter 84 of the Revised Statutes. Charles B. Donaldson has an interest in the property conveyed to J. G. Donaldson and J. M. Herdman. He is the equitable owner of it, subject to the payment of the debts set out in the deed of trust, and upon their payment will be entitled to have restored to him the legal title to any surplus that may remain.

Hence, the conveyance to Barclay by the trustees alone did not "pass the title" of the property attempted to be conveyed, and the chancellor erred in adjudging that it did.

His judgment upon this question was such a final order as authorizes an appeal. For the error indicated, the judgment holding valid the conveyance to Barclay is reversed. To the extent that the amount paid by Barclay was applied to the payment of execution liens, or to the satisfaction of debts embraced by the deed of trust, he should be allowed a prior lien upon the property he attempted to purchase, and any portion of the purchase price that may remain in the hands of the trustees should be restored to him. The cause is remanded for further proceedings not inconsistent with this opinion.

The question of interest and rents between Barclay and Donaldson, trustees, should be adjusted upon equitable principles.

*Underwood, Garvin,* for appellants.
*James H. Bowden, Dulaney,* for appellees.